## T. Burfey *v.* The State.

1. Petit Jury. — Except in the trial of capital cases by special *venires*, a defendant has no right to demand, nor the District Court any authority to direct, that the clerk shall draw more than twenty-four names from the jury-box to form the petit jury. The statute regulates the matter.

2. Same — Presumption of Regularity. — A bill of exceptions taken to the formation of a petit jury in a District Court recited that only ten jurors were obtained from the twenty-four names drawn from the jury-box, and that the court then required the sheriff to summon two other jurors, who, being accepted by the state, and defendant's challenges being exhausted, completed the panel. *Held*, that the presumption must obtain that the two supplementary jurors were either drawn from names remaining in the box before they were summoned, or else that the names in the box had been exhausted and they were summoned as talesmen; and in either case they were legally impaneled.

3. Confessions. — A confession made by the accused after he was arrested, but which led to the discovery of the stolen property, was admissible in evidence against him.

APPEAL from the District Court of Brazoria. Tried below before the Hon. W. H. BURKHART.

The indictment was for the theft of a trunk, and certain clothing contained in it, of the aggregate value of $70. After his arrest the accused told where he had carried the trunk, and took his captors to it. The jury allotted him two years of the penitentiary.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. The only question in this case is that presented in the bill of exceptions with regard to the organization of the jury. It is this: Twenty-four names of jurymen were drawn from the box by order of the court. Defendant's counsel requested the court to have twenty-seven names drawn, because, the defendant having the right peremptorily to strike ten names, and the state the right to strike five, if both sides should exercise the privilege, only nine jurymen would be left to select from. This request was refused.

The court did not err, for the statute itself expressly provides that "in all cases of jury trial the clerk shall draw from the box the names of twenty-four jurors, if in the District Court, or so many as there may be, if there be a less number in the box." Acts Fifteenth Legislature, p. 82; sec. 22 of the "Act to regulate grand juries, and juries in civil and criminal cases in the courts of the state." We know of no law authorizing a defendant to demand, or the court of its own motion to require, that more names than twenty-four should be drawn, except in special *venires* in capital cases.

The bill of exceptions further recites, in substance, that, after both parties had struck from the list of twenty-four names, only ten persons were left upon the jury, when the court directed the sheriff to summon two other jurors, and required the parties to pass upon these last two; that defendant had already exhausted his peremptory challenges on the original list of twenty-four, and was not permitted to challenge peremptorily either of these last two, but they were taken by the state, and the court added them to the panel, and the jury was thus completed.

In section 22 of the act with regard to juries, above referred to, it is further provided that, "before either party shall be required to strike, those on the list shall be challenged for cause, and others drawn, and placed, as drawn, upon the list, in place of as many as may be set aside for cause." In the absence of anything showing the contrary, we will presume that no rights of defendant under this provision were refused by the court. The bill of exceptions does not show whether or not the drawing of the twenty-four names from the box exhausted the box, or whether the two additional jurors summoned by order of the court were drawn from names remaining in the box. If the box had been exhausted, then the court did not err in ordering the two to be summoned as talesmen to supply the deficiency. Sec. 22; and *Speiden* v. *The State, ante*, p. 156. In the absence of anything being shown to the contrary, the presumption will be indulged that they were drawn from names remaining in the box before they were ordered to be summoned. In either aspect of the case we are of opinion that the action of the court was not error.

This is the only question presented by the record which it is deemed necessary to notice or discuss. The defendant has had a fair and impartial trial, and the evidence was sufficient to authorize the conclusion of guilt arrived at by the

verdict and judgment rendered. The confessions of defendant were properly admitted, as they led to the discovery of the stolen property. *Speights* v. *The State*, 1 Texas Ct. App. 551.

The judgment of the lower court is affirmed.

*Affirmed*.